May it please the court, Joe Siglienza for petitioner. The issue in this immigration appeal is whether Chevron deference should be accorded to the board presidential decision of Tobar Lobo, which held that willful failure to register under California Penal Code 390 constitutes a CMT. Petitioner submits that Chevron deference should not. Let me ask you a question at the beginning of this argument. As I understand it, the question relates to the failure to register as a sex offender. And the government, if I'm correct, has asked us to remand this to the board to allow them to apply the framework that the government or the attorney general has now directed being applied to such decisions. Are you opposed to that remand? We are, Your Honor, for two reasons. In this particular case, the petitioner was convicted of two indecent exposure offenses and a failure to register. As I understand the government's briefing, they would like a remand for a modified categorical approach on both of those issues. We would submit that with respect to the failure to register that a modified categorical approach is unwarranted simply because the fact that this strict liability statute, the California Penal Code Section 290, is what is generally deemed a strict, excuse me, that this statute is a strict liability statute, it's missing the element of scienter, which, according to Sylva Trevino, is required to find a CMT. Scienter in the sense that mere knowledge is not enough to constitute a CMT, mere knowledge of violation of a statute. Are you suggesting that we shouldn't trust the board to follow the AG's interpretation? I'm sorry. Are you saying that we should not trust the board to follow the attorney general's interpretation? Well, Your Honor, I don't believe that a remand on the issue of willful failure to register as a question of laws is warranted here for a modified categorical approach. If it's a question of law, this is something that this court can't decide without a remand. Secondly, with respect to the indecent exposure conviction, we would submit that the record of conviction as constituted in the administrative record is not sufficient to find petitioner removable. Is that issue before us? No, it's not. And the board had already an opportunity to engage in that analysis, and they declined to do so. They found on remand that the willful failure to register constituted the second CMT that deemed petitioner removable. They focused on that issue, and that issue came up. Yes. But that issue is still there, right? It's there, but we would submit that the record of conviction as it exists is not sufficient to find petitioner removable. But the board hasn't ruled on that yet. No, they have not. Unfortunately, the system is that the board can take one issue at a time, and then if we reverse on that issue or remand on that issue, the board then is free to take up the next issue, and then the next, and the next. There may be some question as to whether that's a wise way of dealing with administrative law, but that is the rule, that the board can decide not to reach certain issues, and then if there's a decision that they were wrong on the issue they chose, they then get a second chance to consider the issue they reserved, and that's not something that's open to debate in this case. Understood, Your Honor. So the case is going to go back to the board in any event to allow them to decide the issues they reserved. Now, the only question as I see it in this case is that should this be remanded to allow them, the affair that are registered, to allow them to apply the Attorney General's standard? Well, Your Honor, I would submit that there's a bigger picture involved here. There is a conflict in the circuits as to what constitutes a CMT, and with respect to willful failure to register, we would submit that Chevron deference should not be accorded to Tobar-Lobo simply because it's such a radical departure. They're holding that mere knowledge of a violation of a regulatory statute, a strict liability statute, is such a radical departure from established case precedent and the judicial framework or the framework for determining what constitutes a CMT. But we don't know whether, and this relates to the question Judge Hawkins asked you, we don't know whether if the board now applied the Attorney General's framework to the affair to register, whether they would come out the same way they did previously in Tobar-Lobo. Well, Your Honor, I would submit that the precedential decision here in Tobar-Lobo is actually superseded by a matter of Silva-Trevino, which stated that in order to find a CMT, you need a certain level of scienter and reprehensible conduct. We submit that that's the missing element in this particular statute. Counsel, Judge Gould, if I can interject a question, please. Yes, Your Honor. I think I understand what you're advocating, but I have a slightly different question. That is whether the Supreme Court's Ventura decision really has any impact on us here. Does it require us to remand? Does Ventura reach the case where the board has not ruled in light of an Attorney General opinion? I don't believe so, Your Honor. My understanding is that under Mead Step 0, no Chevron deference should even be accorded to this decision because this, quote, precedential decision was superseded by Silva-Trevino. If you look at Silva-Trevino and the AG in that opinion stated that you need a minimum level of scienter and reprehensible conduct, you don't have that minimal level of scienter in this case. As such, it's a question of law and order. But has the board made a ruling in light of Silva-Trevino in this case? No, they haven't. Then why doesn't Ventura require us to say let the board decide that first? Whether there's a missing element to this particular statute, Your Honor? No, whether they're bound by the Attorney General's recent interpretation of this very issue, which requires scienter. Yes, correct. And isn't what you're asking us to do, doesn't it fly in the face of the in-bank decision in Marmolejo-Campos? It doesn't fly in the face of Marmolejo. If you use the Marmolejo framework, Marmolejo, as I understand it, says you should accord Chevron deference to board presidential decisions that have the pretense of rulemaking. We're not according Chevron deference to Dobar-Lovo. We're saying let's give the board a chance to, you know, apply its interpretation in light of what the Attorney General has done. And what's wrong with that? If this court feels that a remand is proper for that particular purpose, I understand the court's reasoning and the court's concern. All I could submit is that it appears to be a question of law, and if we have a missing element to this statute. It was a question of law under Placencia-Ayala. Yes. But Marmolejo-Campos overruled that. Understood. But if you take Silva-Trevino as the true presidential decision in this case, and Dobar-Lovo or this non-presidential decision in our case is actually relying on superseded authority, i.e., Silva-Trevino. So it doesn't have to carry the force of law, and Petitioner would submit that no deference should be accorded and no remand is necessary on this question of law. And if there are no further questions, if I can reserve the remaining time for rebuttal. Thank you, counsel. Good morning. May it please the Court. John Holt for the Attorney General. As long as we're precisely focused on this issue, one point that your opponent didn't raise, it is correct, isn't it, that the Board, since the Attorney General's interpretation in a non-presidential decision, has seen no conflict between Silva and Tobar. Right? I'm uninitiated to that particular proposition. Well, let me see if I can pull it. Go on with your argument. I'll pull it out here and cite it to you. A remand is proper in this case. The issue, the threshold issue, is whether the case should be remanded. Two matters should inform the Court's decision. First of all, the change in the jurisprudence, and secondly, this Court's decision in Marmoleo Campos and the Board's decision, the Attorney General's decision in Silva-Trevino. Counsel, is remand, in your view, desirable? Or in your view, is it required? I'm still trying to determine, does Ventura take away our discretion to deal with it? Do we have to remand it? Judge Gould, we would submit that Ventura does require remand in this case. The Board has not had the opportunity to address this issue in light of Silva-Trevino or Marmoleo Campos. And as they have not had the opportunity to address this case in light of that, those principles of law, a remand is required. Thank you, Counsel. In this particular case, the background is helpful. When you say the Board hasn't had a chance to address it, does that mean they haven't had a chance to address it in a presidential decision, or they haven't had a chance to address it in any case at all? They haven't had a chance to address it in this case with regard to this particular statute. And we would submit that that's the appropriate vehicle to come to resolution. Okay, here's the case. Here's the case. N. Ray Francis, and I'm going to butcher the last name, it's spelled E-F-A-G-E-N-E, and the citation is 2010 Westlaw 33-55-097. It's a 2010 unpublished decision of the Board in which they saw no conflict between Tobar-Lobo and Silva-Trevino. Now, assume that what I just told you is correct. Does that bear on our willingness to remand? It should not, and the reason why is it's an unpublished decision, and what we're dealing with in Tobar-Lobo. Why should we trust the Board to do what they've already refused to do, even though they buried it in an unpublished decision? Yes, the major reason is the Board hasn't had the instruction of this court to consider. They have the Attorney General's opinion in front of them, and they disregarded it. Do you think there's a conflict between Tobar-Lobo and Silva-Trevino? Yes or no? We submit that there's a need for the Board to reconsider Tobar-Lobo in light of Silva-Trevino. In the most recent Board decision in matter of Guevara-Alfaro, the Board held that the methodology articulated by the Attorney General and Silva-Trevino was mandatory on the Board, and in this particular case, the... Whoever the Board panel was in the Francis of Guinea case that I just cited to you apparently didn't think that. Or is it okay for them to put plainly incorrect decisions in unpublished opinions so they evade review? Well, in matter of Guevara-Alfaro, it's a presidential decision. It establishes that the algorithm of the Attorney General and Silva-Trevino was mandatory. That's the word that was used, and so we submit that in light of that Board decision and in light of the remand order by this court, the Board would heed the counsel of both the court and the Board and appropriately consider Silva-Trevino. Even though they refused apparently to do so in this case? I take it you're not familiar with this case at all? I'm not, Your Honor, but I'll file a 28-J letter on that case with the court after oral argument. Okay. You have the citation? I do, Your Honor. Okay. Thank you. What's important in terms of the procedural history is that the petitioner committed four crimes after he was admitted in 1990. As Judge Reinhard pointed out, he committed two indecent assaults, which remain as a possibility. I think all Judge Reinhard said was these other two issues are still floating around. They are still floating around, so that's a possibility. I don't think Judge Reinhard said he committed these offenses. Excuse me. That's correct. I stand corrected. Counsel, you said indecent assaults. I thought they were indecent exposure. I stand corrected, Judge Gould. It was indecent exposure. Those were the two offenses committed in 1994. So those two offenses do remain the proper basis, arguably a proper basis for a finding of a CIMT, which would be the basis of removability. But what happened when this case was remanded by this court the first time is the board, in a presidential decision, did decide Tobar-Lobo. But then after Tobar-Lobo was decided, this court decided Plascencia. Plascencia was overruled by Marmolejo Campos. And what's significant is Marmolejo Campos did three things. First of all, as you pointed out earlier, it established the standard of review for this court to apply to a presidential board decision, the step two Chevron deference. And so the test is whether or not the board was reasonable in its decision. Secondly, it stated specifically that the board has special expertise, that was the language of this court, to make the threshold determination of whether an offense involves a crime involving moral turpitude. And third, it put the spotlight on Silva-Trevino. And Silva-Trevino is significant because, as you pointed out, the attorney general stepped forward and said, in this patchwork of jurisprudence in terms of what involves a crime involving moral turpitude, I'm going to set some standards. First of all, I'm going to set some standards substantively in terms of what's the definition of a CIMT, and secondly, procedure of what would be the methodology to make that determination. In terms of the substance, the attorney general said that it must be two things. It's in the conjunctive. First of all, it must be reprehensible conduct, and it must have some form of scienter. In Silva-Trevino, he said, some degree of scienter, whether specific intent, deliberateness, willfulness, or recklessness. I think we understand the case and what the attorney general said, but that special expertise seemed to be missing in the case I cited to you. We'll scrutinize that case and report to the court immediately on that case. Okay. And I think what is significant is what is there and what's not there in terms of Marmolejo-Campos and Silva-Trevino. It focuses, put the spotlight on scienter. If you look at Tobar-Lobo, Tobar-Lobo, the word scienter never appears in the opinion. They talk about evil intent only in addressing statutes or cases where arguably evil intent may not be required. And even the dissent, Tobar-Lobo acknowledges that the majority opinion was reasonable, and the majority opinion only responded to the dissent in saying that implicitly there was an evil intent. So what we have here at its core is this point. What's the decisional issue? The decisional issue is whether criminal mental error is as morally turpitudinous. You're now arguing the merits of the issue that if we agree with you should go back to the board. Sure you want to do that? Judge Hawkins, I was stating the issue that is at the core issue that the board has never had the opportunity. I think we fully understand what these issues are. The question is do we send it back to the board or do we make that decision here? We submit that we should submit it back to the board that the issue that I was articulating has never been addressed by the board. That was the point that I was making, attempting to make. Certainly the landscape has changed, but what is clear in terms of the kaleidoscopic legal landscape is the color of process, the process this court will apply in terms of step two, a Chevron deference to a presidential board decision, and the special expertise of the board to make that initial determination. We'd submit that under Ventura, secondly, 103 of the Act, that that's a decision by the board to make, and we would ask the board to stand for that first, unless there are other questions. Thank you, counsel. You have about a minute. Did you find this Francis F. Ginney case? No, I didn't, Your Honor. However, as government counsel has indicated, I will also submit a 28-J letter on that matter. Kind of important to your argument, isn't it? Definitely, most definitely. I would submit, I would concur with Your Honor's comment that it is the board to be trusted, even if this court decides to remand on that issue. Now that you're armed with the argument. Yes. And I would just like to reiterate, if I may, in just the remaining few seconds, that because Tobar-Lobo is such a radical departure from case law precedent and framework for establishing what's a CMT, it gets no Chevron deference, and it's the epitome, as Judge Berzon has stated in her dissent in Mar-a-Lago, to borrow from her, this decision is the epitome of an unreasonable agency interpretation of statute. Okay. Thank you. Thank you, counsel. Case just argued will be submitted. The next case on the calendar has been removed pending the decision in Panu. That's Rosanus v. Holder. The next case, Hettinga v. Vilsack, has been submitted on the briefs, which brings us to Horn v. Department of Agriculture. Thank you.
judges: Reinhardt, Hawkins, Gould